**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| **JOANN STEWART,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )  **Case No.**_____ |
| **MARCUS LEONARD BROWN,** | ) |
| **K & S TRANSPORTATION, LLC and** | ) |
| **SENTRY SELECT INSURANCE** | ) |
| **COMPANY,** | ) |
| | ) |
|    **Defendants.** | ) |

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES**

COMES NOW Joann Stewart, plaintiff, through his undersigned counsel, and makes and files this complaint against the defendants Marcus Leonard Brown; K & S Transportation, LLC; Sentry Select Insurance Company ("Sentry Select"); John Does 1-10; and ABC Corporation, and respectfully shows the court as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff Joann Stewart is a citizen of the state of Georgia and is subject to the jurisdiction of this court.

1

2.

Defendant Marcus Leonard Brown resides at 468 County Road 79 Heflin, Alabama 36264, and may be served with a copy of the summons and complaint at this address or wherever he may be found.

3.

K & S Transportation, LLC ("K & S Transportation") is a foreign limited liability company and is authorized to transact business in the State of Georgia and may be served through its registered agent Timothy W. Kerley at 85 Blakesferry Subdivision Lineville, Alabama 36266. K & S Transportation and is subject to the jurisdiction of this court.

4.

K & S Transportation, LLC is an interstate motor carrier.

5.

Sentry Select Insurance Company ("Sentry Select") is a foreign corporation existing under the laws of the state of Wisconsin with its principal place of business at 1800 North Point Drive Stevens Point WI 54481. Sentry Select may be served through its registered agent Linda Banks, c/o C.T. Corporation System, 289

South Culver St. Lawrenceville, Gwinnett County, Georgia 30046-4805. Sentry Select is subject to the jurisdiction of this court.

6.

Defendants John Does 1-10 and ABC Corporation are individuals or entities which whose residences and exact identities are currently unknown and, at all times relevant to this action, may have been agents, employees, or joint venturers of the defendants in the preceding paragraphs and may have been acting within the course and scope of their employment, agency or venture at all relevant times to this action.

7.

There exists complete diversity among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. Jurisdiction is proper pursuant to 28 U.S.C. § 1332, and venue is proper in this Court.

## **BACKGROUND**

8.

On December 4, 2020, at about 6:30 pm Plaintiff, Joann Stewart was a passenger in a 2018 Kia Forte LX S vehicle in a northerly direction on US Highway 82 in Lee County, Georgia, obeying all traffic laws.

9.

At about the same time, the defendant Marcus Leonard Brown was driving a 2017 Freightliner Tractor-Trailer also on US Highway 82 Northbound in Lee County, Georgia.

10.

On this date, defendant Marcus Leonard Brown was operating the truck on behalf of defendant K & S Transportation, LLC.

11.

The defendant Marcus Brown improperly changed lanes into the lane occupied by Joann Stewart and his truck collided with the plaintiff's vehicle causing a serious crash.

12.

The impact between Defendant Brown's vehicle and Plaintiff's vehicle caused significant damage to Plaintiff's vehicle.

13.

As a result of the collision, plaintiff, Joann Stewart suffered severe and permanent injuries.

## **COUNT 1**
## **NEGLIGENCE**

14.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs above as if fully restated.

15.

Defendant Brown was negligent in the following manner:

(a) improper lane change;

(b) distracted driving;

(c) driving too fast for conditions; and

(d) reckless driving.

16.

Defendant Marcus Leonard Brown violated numerous state and federal statutes and regulations, including 49 C.F.R. §§350 to 399, specifically including, but not limited to, 49 C.F.R. §392.3 and 395.8:

a. Failing to have required knowledge of vehicle operation in violation of 49 C.F.R. §383.111;

b. Failing to have required skills in vehicle operation in violation of 49 C.F.R. §383.113;

c. Failing to have knowledge and compliance with the regulations in violation of 49 C.F.R. §390.3;

d. Failing to operate his vehicle and equipment in violation of 49 C.F.R. §392.2; and

e. Failing to operate his vehicle while fatigued in violation of 49 C.F.R.

§392.3.

17.

The violations of federal and state laws and regulations in the preceding paragraphs constitute negligence per se.

18.

Defendant Marcus Leonard Brown was negligent in failing to maintain a proper lookout for plaintiff's vehicle and colliding with plaintiff's vehicle.

19.

Defendant Marcus Leonard Brown's negligence is the sole and proximate cause of the collision, and plaintiff's resulting injuries.

## **COUNT 2**

## **IMPUTED LIABILITY- K & S TRANSPORTATION, LLC**

20.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs above as if fully restated.

21.

At the time of the subject collision, defendant Brown was under dispatch for defendant K & S Transportation, LLC.

22.

At the time of the subject collision, defendant Marcus Leonard Brown was operating his vehicle on behalf of his company, defendant K & S Transportation, LLC.

23.

Defendant Marcus Leonard Brown is interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Brown in his capacity as a driver for his company, regarding the collision described in this complaint under the doctrine of lease liability, agency or apparent agency.

## COUNT 3

## NEGLIGENCE – PROPER TRAINING

24.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs above as if fully restated.

25.

Defendant Marcus Leonard Brown while acting as a driver for K & S Transportation, LLC was negligent in failing to properly train himself to safely drive a commercial vehicle.

## COUNT 4

## DIRECT ACTION

26.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs above as if fully restated.

27.

Defendant Sentry Select is subject to a direct action as the insurer for defendant K & S Transportation, LLC pursuant to O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

28.

Defendant Sentry Select was the insurer of defendant K & S Transportation, LLC at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

29.

Defendant Sentry Select and defendant K & S Transportation, LLC are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

30.

Defendant Sentry Select is responsible for any judgment rendered against defendant Marcus Leonard Brown up to its policy limits of coverage.

## **COUNT 5**

## DAMAGES

### 31.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs above as if fully restated.

### 32.

As a result of defendants' negligence, plaintiff suffered severe permanent injuries.

### 33.

As a result of defendants' negligence, plaintiff has incurred past medical expenses and will continue to incur future medical expenses. Plaintiff's past medical expenses are:

| | |
|---|---|
| Phoebe Physician Group | $    100.00 |
| Ortho Sport and Spine | $16,616.14 |
| Southern Spine & Health | $  2,752.00 |
| Phoebe Putney Memorial Hospital | $  4,586.34 |
| **TOTAL DAMAGES** | **$24,054.48** |

### 34.

As a result of defendants' negligence, plaintiff has missed work and has a claim for past and future lost wages.

### 35.

Defendants' negligence is the sole and proximate cause of plaintiff's injuries.

## COUNT 6

## PUNITIVE DAMAGES

### 36.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs above as if fully restated.

### 37.

Defendants' conduct was reckless, willful, and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles plaintiff to an award of punitive damages.

## COUNT 7

## ATTORNEY FEES

### 38.

Plaintiff realleges and incorporates herein the allegations contained in the previous paragraphs as if fully restated.

### 39.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense thus, Plaintiff is entitled to an

award of attorney's fees and expenses of litigation against the defendants pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, plaintiff prays for a trial by jury on all issues and judgment against defendants as follows:

a.  That plaintiff have a trial by jury;

b.  That plaintiff recover the full value of past and future medical expenses and past and future lost wages, and loss of earning capacity in an amount to be proven at trial;

c.  That plaintiff recover for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

d.  That plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

e.  That plaintiff recover reasonable attorney's fees and expenses; and

f.  That plaintiff recover such other and further relief as is just and proper.


Respectfully submitted, this 4th day of May 2022.


*/s/ Jon R. Hawk*
Jon R. Hawk

Georgia Bar No. 338645
Lead Attorney for Plaintiff
Morgan & Morgan, Atlanta, PLLC
2960 Riverside Drive, Ste. 210
Macon, Georgia 31204
P: 478-583-6304
F: 478-583-6327
E: jhawk@forthepeople.com


*/s/ Jason Downey*
Georgia Bar No. 228313
Attorneys for Plaintiff
Morgan & Morgan, Atlanta, PLLC
2960 Riverside Drive, Ste. 210
Macon, Georgia 31204
P: 478-583-6307
F: 478-583-6327